IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| LACEY RENEE PRICKETT, | * |
| Plaintiff, | * |
| vs. | * Civil Action No. ADC-17-2147 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,[1] | * |
| Defendant. | * |

## MEMORANDUM OPINION

On July 31, 2017, Lacey Renee Prickett ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 ("the Complaint"). After consideration of the Complaint, the parties' cross-motions for summary judgment (ECF Nos. 20 & 23), and the response thereto (ECF No. 26), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 20) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED, and the decision of the SSA is REMANDED for proceedings consistent with this opinion.

### PROCEDURAL HISTORY

On January 31, 2013, Plaintiff filed a Title II application for DIB as well as a separate Title XVI application for SSI, which both alleged disability beginning on April 1, 2009. Her

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner of Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

1

claims were denied initially and upon reconsideration on May 13, 2013 and January 2, 2014, respectively. Subsequently, on February 7, 2014, Plaintiff filed a written request for a hearing and, on October 13, 2015, an Administrative Law Judge ("ALJ") presided over a hearing held in Dover, Delaware. At the hearing, Plaintiff amended her alleged onset date to June 29, 2012. ECF No. 13 at 21. On February 3, 2016, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [("the Act")], from June 29, 2012, through the date of this decision." *Id.* at 34. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on May 28, 2017, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2017); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On July 31, 2017, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of her disability applications. On December 22, 2017, Plaintiff filed a Motion for Summary Judgment, and on March 22, 2018, Defendant filed a Motion for Summary Judgment. Plaintiff filed a response on April 5, 2018.[2] This matter is now fully briefed and the Court has reviewed both parties' motions for summary judgement.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*,

---

[2] On May 8, 2018, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r, Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citation and internal quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citation and internal quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB and SSI, a claimant must establish that he is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such a severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the [SSA] will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the

4

duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work.

20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p, 1996 WL 374186, at *1–9 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.*, at *5.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§

404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

### ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of June 29, 2012. ECF No. 13 at 23. At step two, the ALJ found that Plaintiff had the severe impairments of "myotonic muscular dystrophy, cardiomyopathy, asthma, history of left shoulder surgical repair, knee disorder, ankle disorder, obesity, depression and anxiety." *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 24. At step four, the ALJ determined that Plaintiff had the RFC:

> to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the work must be unskilled with no more than occasional postural activity and no climbing of ladders, ropes and scaffolds. There is no work at exposed heights, no more than occasional exposure to moving machinery, and no more than occasional exposure to climbing of ramps and stairs; and no more than occasional exposure to atmospheric irritants like dust, fumes, odors and gases and temper[ature] extremes, wetness and high humidity.

*Id.* at 26. The ALJ then determined that Plaintiff was unable to perform any past relevant work. *Id.* at 33. Finally, at step five, the ALJ found that, "[c]onsidering [Plaintiff]'s age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* at 34. Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], from June 29, 2012, through the date of this decision." *Id.*

## DISCUSSION

Plaintiff raises three allegations of error on appeal: (1) that the ALJ erred by not evaluating Listing 11.13; (2) that the ALJ improperly evaluated Plaintiff's credibility; and (3) that substantial evidence does not support the ALJ's RFC determination, including Plaintiff's moderate limitations in concentration, persistence, and pace and treating physicians' opinions. The Court will remand the case on the first ground for the ALJ to properly evaluate Plaintiff's muscular dystrophy and consider it during his RFC determination.

### A. The ALJ Erred By Not Considering Listing 11.13.

At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. Where a claimant can show that her condition "meets or equals the listed impairments," the claimant is entitled to a conclusive presumption that she is disabled within the meaning of the Act. *Bowen v. City of New York*, 476 U.S. 467, 471 (1986); *see McNunis v. Califano*, 605 F.2d 743, 744 (4th Cir. 1979) (stating that the listings, if met, are "conclusive on the issue of disability" (citation omitted)). The burden of proof is on the claimant to show that she meets *all* of the specified medical criteria. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). Thus, where a claimant fails to articulate why her medical impairments do, in fact, meet all of the elements of a given listed impairment, she fails to meet her burden. *Id.*

Moreover, "[i]n evaluating a claimant's impairment, an ALJ must fully analyze whether a claimant's impairment meets or equals a 'Listing' where there is factual support that a listing could be met." *Huntington v. Apfel*, 101 F.Supp.2d 384, 390 (D.Md. 2000) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)). However, "[u]nder *Cook*, the duty of identification of relevant listed impairments and comparison of symptoms to Listing criteria is

only triggered if there is ample evidence in the record to support a determination that the claimant's impairment meets or equals one of the listed impairments." *Ketcher v. Apfel*, 68 F.Supp.2d 629, 645 (D.Md. 1999). "Neither the Social Security law nor logic commands an ALJ to discuss all or any of the listed impairments without some significant indication in the record that the claimant suffers from that impairment." *Id.*

Here, Plaintiff argues that the ALJ failed to consider her myotonic muscular dystrophy and insists that the record contains sufficient evidence to support a determination that she met or equaled Listing 11.13. ECF No. 20-1 at 14–15. Listing 11.13A addresses muscular dystrophy and requires a showing of "[d]isorganization of motor function in two extremities, resulting in an extreme limitation in the ability to stand up from a seated position, balance while standing or walking, or use the upper extremities." 20 C.F.R. pt. 404, subpt. P, app. 1, § 11.13A (internal citations omitted). Specifically, Plaintiff contends that several medical records indicate that she had trouble getting up from a seated position as well as getting out of bed, losing her balance, and feeling severe fatigue. ECF No. 20-1 at 15–16. The SSA responds that Plaintiff does not have ample evidence that she meets Listing 11.13 such that the ALJ did not err by failing to discuss that listing, particularly where no evidence supports her position that her myotonic muscular dystrophy progressed to the severity required to meet or medically equal Listing 11.13. ECF No. 23-1 at 14.

In this case, despite concluding that Plaintiff's myotonic muscular dystrophy was a severe impairment, the ALJ found that Plaintiff's impairments did not meet or equal a listed impairment without specifically discussing Listing 11.13. ECF No. 13 at 23–26. The ALJ simply stated as follows regarding all of Plaintiff's physical impairments:

> The medical evidence does not contain the objective signs, symptoms or findings, or the degree of functional limitations

9

> necessary for [Plaintiff]'s physical impairments, considered singly or in combination, to meet or equal the severity of any subsection of section 1.00 or any other section contained in Appendix 1. In reaching this conclusion, I have considered the opinions from the state agency medical consultant who evaluated the issue at administrative review process and reached the same conclusion. I also note[] no treating or examining medical source has stated [Plaintiff] has an impairment or combination of impairments that meets or equals the criteria of any listed impairment. Finally, neither [Plaintiff] nor her representative argued [Plaintiff] has an impairment or combination of impairments that meets or equals the criteria of any listed impairment.

*Id.* at 24 (citation omitted). The ALJ then went on to discuss Plaintiff's mental impairments. *See id.* at 24–26. Based on this conclusory analysis, the Court is unable to determine whether the ALJ's conclusion is supported by substantial evidence. *See Brown v. Colvin*, 639 F.App'x 921, 923 (4th Cir. 2016) (cautioning courts to "avoid engaging in fact-finding 'in the first instance' and to allow the ALJ to further develop the record [to allow for] a meaningful judicial review" (quoting *Radford*, 734 F.3d at 296)); *Fox v. Colvin*, 632 F.App'x 750, 755 (4th Cir. 2015) (holding that the lower court erred by engaging in analysis of whether the claimant's impairments met a listing when the ALJ failed to do so in the first instance, and stating that "circuit precedent makes clear that it is not our role to speculate as to how the ALJ applied the law to its findings or to hypothesize the ALJ's justifications that would perhaps find support in the record"); *Warren v. Berryhill*, No. 4:16-CV-77-FL, 2017 WL 3326978, at *5–6 (E.D.N.C. July 10, 2017) (finding that the court could not determine whether the ALJ's conclusion was supported by substantial evidence where the ALJ engaged in a "conclusory analysis" that didn't specifically reference a listing which flowed from the ALJ's finding of a severe impairment), *adopted by* 2017 WL 3325002 (E.D.N.C. Aug. 3, 2017). Moreover, the SSA's proffer of other record evidence to support its position that substantial evidence exists to affirm the ALJ's decision is unavailing. *See, e.g., Brown*, 639 F.App'x at 923.

Here, in addition to Plaintiffs' treating physicians' opinions describing the "gradual decline in [Plaintiff]'s function with loss of balance and severe fatigue," Plaintiff testified to weakness in her legs, medical treatment notes document the progressive nature of her condition, including a slight decrease in the strength of her fingers and grip, and the ALJ found that Plaintiff's myotonic muscular dystrophy was a severe impairment. ECF No. 13 at 23, 27–28, 444–53, 765. Thus, the medical evidence of record here is "not so one-sided that one could clearly decide, without analysis, that [Listing 11.13] is not implicated." *Brown*, 639 F.App'x at 923. Thus, Listing 11.13 for muscular dystrophy was relevant, and the ALJ erred by failing to address this listing. In remanding, the Court expresses no opinion regarding whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct or incorrect.

On remand, the ALJ should also reconsider Plaintiff's credibility and the RFC evaluation, including considering Plaintiff's moderate limitations in concentration, persistence, and pace and the opinion of Plaintiff's treating physicians and provide a meaningful discussion of each. In particular, reconsideration of the opinions of Plaintiff's treating physicians will affect Plaintiff's Listing 11.13 argument, whether Plaintiff's moderate limitations in concentration, persistence, and pace were properly accounted for in the RFC, and the ALJ's ultimate determination of Plaintiff's RFC. It is recommended that these issues receive additional consideration on remand, as necessary, in light of the ALJ's further consideration of the opinion evidence. *See Warren*, 2017 WL 3326978, at *6.

## CONCLUSION

In summation, the Court finds that the ALJ failed to properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Act from June 29, 2012 through the date of the ALJ's

decision. Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 20) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED, and the decision of the SSA is REMANDED to the SSA for further proceedings consistent with this opinion. The clerk is DIRECTED to close this case.

Date: 24 May 2018

A. David Copperthite
United States Magistrate Judge